KUHN, J.
 

 | gDefendant-appellant, Cynthia Bridges, Secretary of the Louisiana Department of Revenue, State of Louisiana (the Department) appeals the trial court’s judgment granting the motion for summary judgment filed by plaintiff-appellee, ConAgra Foods, Inc. (ConAgra) and concluding that the corporate taxpayer is entitled to a refund of amounts paid under protest, interest, and costs. We affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 On December 3, 2007, ConAgra paid $123,888 in Louisiana corporation taxes under protest and gave the Department notice of its intention to file suit for recovery of the protested payment. ConAgra subsequently paid an additional $51,813.61, representing interest, on December 26, 2007, and notified the Department of its intention to file suit for recovery of that amount as well. The payments, totaling $175,646.61, represented taxes and interest as determined by the Department for the fiscal years ending in May 2004 and 2005.
 

 ConAgra filed its petition seeking a refund of taxes paid under protest on December 26, 2007. On February 13, 2008, the Department filed an answer, generally denying ConAgra’s allegations. ConAgra subsequently filed a motion for summary judgment, averring entitlement to the refund as a matter of law; and the Department filed a cross-motion for summary judgment, likewise contending that the issue of ConAgra’s entitlement to a refund was a matter of law, but suggesting as relief a ruling that the Department had correctly assessed the tax.
 

 A hearing on the cross motions was held on December 7, 2009, after which the trial court granted summary judgment in favor of the Department, denied ConAgra’s motion for summary judgment, and dismissed its petition. ConAgra |sfiled a motion for new trial. Another hearing was held on the matter, after which, the trial court reversed itself by granting a new trial, which denied the Department’s motion for summary judgment, granted ConAgra’s, and decreed ConAgra was entitled to a refund of the amounts paid under protest as well as interest and costs. This appeal followed.
 

 SUMMARY JUDGMENT LAW
 

 Summary judgments are reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 As conceded by the parties, the questions presented for our determination are purely legal ones, rather than factual ones,
 
 *1251
 
 and therefore particularly appropriate for determination by summary judgment “as a matter of law.”
 
 See
 
 La. C.C.P. art. 966 C(l);
 
 Hays v. Louisiana State Bd. of Elementary and Secondary Educ.,
 
 2009-1386, p. 4 (La.App. 1st Cir.6/11/10), 39 So.3d 818, 820.
 

 DISCUSSION
 

 The following facts are undisputed by the parties. As a parent corporation, Con-Agra sold the stock of three wholly-owned subsidiaries that operated in Louisiana to Pilgrim’s Pride Corporation (Pilgrim’s Pride) and UAP Holding Corporation (UAP), who were third parties unrelated to ConAgra. Filing separate Rforms with the Internal Revenue Service (IRS), Pilgrim’s Pride and UAP (as the purchasing corporations) made special § 338(h)(10) tax elections with ConAgra (the parent-selling corporation) under the Internal Revenue Code (IRC) relative to the tax consequences resulting from the transfer transactions.
 
 [2]
 

 It is undisputed that under federal law, when the parties make a § 338(h)(10) election, the taxpayers are permitted to treat stock sales as if they were assets sales followed by a complete liquidation. Therefore, with the § 338(h)(10) election, ConA-gra’s sale of the stock of its subsidiaries to Pilgrim’s Pride and UAP was, under the IRC, deemed an assets sale; and ConA-gra, as the former parent of the subsidiaries, was permitted to treat the transaction as a deemed liquidation of the subsidiaries back into their former parent under 26 U.S.C.A. § 332.
 
 [3]
 
 Most importantly, it is undisputed that under federal law, with the § 338(h)(10) election, the subsidiaries’ tax attributes were preserved for the benefit of ConAgra, as the selling parent corporation, which acquired those tax attributes in the deemed § 332 liquidation of the subsidiaries.
 

 On appeal, the Department contends “[t]he trial court erred in determining that [§ 338(h)(10) ], which for federal tax purposes treats the sale of the stock of a subsidiary as a sale of the subsidiary’s assets followed by a liquidation of the subsidiary, resulted in ConAgra becoming the ‘acquiring corporation’ for state corporate income tax purposes.” The Department reasons that because Pilgrim’s Pride and UAP were the purchasers of the subsidiaries in the deemed assets sale, each was the “acquiring corporation” who succeed to all of the assets of the ^purchased ConAgra subsidiary, including the subsidiaries’ tax attributes, in particular the net operating loss carryovers (NOLs).
 

 La. R.S. 47:287.86, which appears in the Chapter setting forth the Louisiana Corporation Income Tax Act,
 
 [4]
 
 sets forth applicable provisions for the NOLs deduction, providing in pertinent part:
 

 I. Net operating loss carryovers.
 

 (1) Notwithstanding any other provisions of this Chapter to the contrary, the acquiring corporation shall succeed to and take into account, as of the close of the day of distribution or transfer, the aggregate net operating loss carryovers of the distributors or transferor corporation as determined under this Section, subject to federal law and the limitations provided thereunder.
 

 According to the relevant provisions of 26 U.S.C.A. § 381:
 

 
 *1252
 
 (a) General rule. — In the ease of the acquisition of assets of a corporation by another corporation—
 

 (1) in a distribution to such other corporation to which section 332 (relating to liquidations of subsidiaries) applies ... the acquiring corporation shall succeed to and take into account, as of the close of the day of distribution or transfer, [the net operating loss carryovers as described in subsection (c) ] of the distributor or transferor corporation....
 

 A close scrutiny of the two statutes reveals that the language utilized in La. R.S. 47:287.86(I)(1) is nearly identical to that employed under federal law. And the express provisions of La. R.S. 47:287.86(I)(1) indicate that the determination of “the acquiring corporation [that] shall succeed to and take into account, as of the close of the day of distribution or transfer, the aggregate net operating loss carryovers of the distributors or transferor corporation,” is “subject to federal law 1 Rand the limitations provided thereunder.” Because the Department has conceded that under federal law ConAgra as the parent selling corporation of the subsidiaries is entitled to succeed to and take into account the remaining tax attributes after the deemed sale of the assets to Pilgrim’s Pride and UAP in the deemed liquidation of the subsidiaries back into the parent, and mindful of the nearly identical provisions of both the Louisiana and the federal statutes, clearly ConAgra is the “acquiring corporation” of the NOLs for Louisiana state income tax purposes as well.
 
 See also
 
 La. R.S. 47:287.701(B) (stating that “[e]xcept as otherwise provided or clearly appearing from the context, any term used in [the Louisiana Corporation Income Tax Act] shall have the same meaning as when used in a comparable context at federal law”); and La. R.S. 47:287.701(L) (setting forth express legislative findings and declarations relative to the adoption of Louisiana’s corporation net income tax, including that “certain provisions of the laws of the United States relating to definitions [and] the allowance of deductions” will “[simplify preparation of Louisiana Corporation Income Tax returns by taxpayers” and “[a]id in the interpretation of the corporation income tax law through increased use of federal judicial and administrative determinations and precedents.”)
 

 The Department asserts that allowing a transaction in which a parent corporation sells its wholly-owned subsidiaries to a third party to permit two acquiring corporations, i.e., the third party insofar as the transfer of the assets and the parent corporation insofar as the transfer of the NOLs, results in inconsistent, different meanings for the term “acquiring corporation” as used throughout Title 47, which addresses “Revenue and Taxation.” The Department points to La. R.S. 1747:133(I)(l)(b) (addressing the acquisition of assets of a corporation by another corporation) and 138(A)(1)(c) (providing for tax consequences in the acquisition of one corporation in exchange for stock of a corporation which is in the control of the purchasing corporation) as limiting the term “acquiring corporation” to but one entity. But the plain language of La. R.S. 47:287.86(I)(1) states, “Notwithstanding any other provisions of this Chapter to the contrary” in its expression of the entity entitled to succeed and take into account the NOLs of the distributors or transferor corporation as determined under that section. Thus, to the extent that the provisions of La. R.S. 47:133(I)(l)(b) and 138(A)(1)(c) are contrary to that determination of the proper entity entitled to succeed and take into account the NOLs of the distributors or transferor corporation, they do not apply according to La. R.S. 47:287.86(I)(1).
 
 Accord
 
 La. R.S. 47:287.701(B). Accordingly, the trial court
 
 *1253
 
 correctly determined that ConAgra was entitled to the NOLs as the acquiring corporation under La. R.S. 47:287.86(I)(1) and granted summary judgment in favor of the taxpayer, awarding it a refund of the amounts paid under protest as well as interests and costs.
 
 [5]
 

 DECREE
 

 For these reasons, the trial court’s judgment is affirmed. Appeal costs in the amount of $1,918.00 are assessed against defendant, Cynthia Bridges, Secretary of the Louisiana Department of Revenue, State of Louisiana.
 

 AFFIRMED.
 

 [2]
 

 .See generally
 
 26 U.S.C.A. § 338, entitled "Certain stock purchases treated as asset acquisitions.”
 

 [3]
 

 .26 U.S.C.A. § 332 provides detailed tax consequences for complete liquidations of subsidiaries
 
 See also
 
 26 U.S.C.A. § 381(a)(1).
 

 [4]
 

 .See
 
 La. R.S. 47:287.2
 
 et seq.
 

 [5]
 

 . ConAgra notes it will only be entitled to use the NOLs if it has future Louisiana earnings within the time periods prescribed by law.
 
 See
 
 La. R.S. 47:287.86.